Daniel J. Mogin (95624, dmogin@moginlaw.com)
Ari Y. Basser (272618, abasser@moginlaw.com)
**THE MOGIN LAW FIRM, P.C.**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 687-6611
Facsimile:  (619) 687-6610

*Attorneys for Plaintiff and*
*the Proposed Plaintiff Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE SAUBERS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KASHI COMPANY,<br>Defendant. | Case No. **'13CV0899 JLS  BLM**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, NADINE SAUBERS, on behalf of herself and all consumers similarly situated, and demanding trial by jury, complains and alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1.    This civil consumer protection class action is brought to remedy violations of California's Sherman Food, Drug, and Cosmetic Law, Health & Safety Code §109875, et seq., Consumers Legal  Remedies Act, Civil Code  §1750 et seq. ("CLRA") Unfair Competition Law, Business & Professions Code §17200 et seq. ("UCL"), False Advertising Law Business & Professions Code §17500 et seq. ("FAL"), and Negligent Misrepresentation, Civil Code §§1709-1711, statutes and in connection with Defendant's course of conduct, including misrepresentations and omissions, in the sale and marketing of consumer food products that are (a) labeled with the

ingredient "evaporated cane juice"; or (b) labeled with the ingredient "evaporated cane juice syrup" (the "Kashi Misbranded Products").

2.      Plaintiff seeks to represent a class of all similarly situated persons in the United States who purchased the Kashi Misbranded Products for their own use and not for resale from October 1, 2009 to the present (the "Class").  Alternatively, Plaintiff seeks to represent a class of California consumers.

3.      Defendant's product labeling fails to accurately identify the ingredients in its products.  "Sugar" is clearly disguised in many of Kashi's products as "evaporated cane juice" or "evaporated cane juice crystals."  In violation of federal and California law, Kashi fails to disclose that "evaporated cane juice" is not, in fact, juice and, in its commonly understood term, is "sugar," and that the ingredient is still considered to be a processed sugar.  Nearly all of Kashi's products' labels list "evaporated cane juice" as an ingredient despite the fact that the FDA has specifically warned companies not to use the term because it is "false and misleading," is not "the common or usual name of any type of sweetener," and the ingredient is not, in fact, juice.

4.      A survey published in 2010 by the United States Food and Drug Administration ("FDA") on health and diet found that Americans are growing more health-conscious in reading food labels and selecting foods to eat.  So-called natural foods are generally minimally processed and exclude preservatives and artificial ingredients.  U.S. consumers bought $12.9 billion worth of natural food and beverages in 2008, the most recent year for which figures are available, according to *Nutrition Business Journal*, a trade publication.  The 2010 FDA survey also showed that consumers have become more conscious of food labels and claims made on food packaging.

5.      Health-conscious consumers are especially interested in minimizing their sugar intake by the avoidance of foods that have added sugars.  The inclusion of excessive added sugars in the typical American diet has created a public health problem of crisis proportions.  Numerous authorities, including the FDA, the U.S. Department of Agriculture and the U.S. Department of Health and Human Services, have concluded in recent years that over-consumption of added sugars contributes importantly to overweight and obesity and to many obesity-related health

problems such as coronary heart disease, hypertension, type 2 diabetes, osteoarthritis, and certain cancers and have advised consumers to reduce their consumption of those sugars.

6.  Kashi, a subsidiary of Kellogg Company, Inc. ("Kellogg"), is aware of consumers' demand for natural, healthy and nutritious foods and has utilized improper marketing strategies and ingredient mislabeling practices to capitalize on that demand.  In an investor call concerning Kellogg's fourth quarter 2011 earnings results, John A. Bryant, Kellogg's Chief Executive Officer and President, reported that, "the natural food channel has posted strong growth over the years and our Kashi brand is well positioned to capitalize on this."[1]

7.  Kashi produces and markets whole grain products including: crackers, snack bars, pizzas, cereals, cookies, pilafs, sandwiches, waffles, frozen entrees and steam meals.  Kashi products are sold to consumers throughout the United States.  Kashi claims on its website and in other forms of advertisement that it produces healthy nutritional products, but in some instances, Kashi merely uses uncommon, healthy-sounding names for unhealthy ingredients, such as sugar.

8.  For instance, on Defendant's website, www.kashi.com, Kashi represents that "evaporated cane juice" is a "natural" sweetener, implying that it is less harmful than processed white sugar; however "evaporated cane juice" is, in fact, substantially the same as processed white sugar in terms of its health effects.  Kashi further represents that evaporated cane sugar is a "natural, minimally processed substitute[]" for sugar.[2]

9.  Food manufacturers, including Kashi, intend consumers to rely upon food labels and advertising, and reasonable consumers do in fact so rely.  Reasonable consumers must and do rely on food manufacturers to honestly and accurately report the nature of the product's ingredients.

10.  Due in part to Kashi's misbranding, consumers purchased Kashi products that they otherwise would not have purchased and consumers paid a premium over other brands.  Kashi

---

[1] Kellogg Company, Inc. (K) Q4 2012 Earnings Call Transcript, Feb. 5, 2013, available at http://seekingalpha.com/article/1158351-kellogg-management-discusses-q4-2012-results-earnings-call-transcript.
[2] See, e.g. http://www.kashi.com/challenges/386; last accessed on April 15, 2013. "Find a healthy substitute; Challenge Yourself for 24 Hours: Sugar, refined white flour, and saturated fats – what do they all have in common? They're probably ingredients in recipes you make regularly. More importantly, they also have natural, minimally processed substitutes like evaporated cane sugar, unrefined wheat flour, and canola oil or olive oil. Today, challenge yourself to analyze some of your recipes and see if you can find natural options."

COMPLAINT

would not be able to make such sales or be able to extract a premium for its products without its false and misleading representations.

11.     This action seeks to redress the unfair, deceptive and otherwise improper business practice that Defendant is employing against unsuspecting consumers

**JURISDICTION AND VENUE**

12.     This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. §1332(d).   The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, members of the proposed Plaintiff Class are citizens of a state different from Defendant and this is a class action in which more than two-thirds of the proposed Plaintiff Class, on the one hand, and Defendant, on the other, are citizens of different states.

13.     Venue is proper in this District under 28 U.S.C. §1391(a) because Defendant is headquartered in, resides in, transacts a substantial part of its business in and the events or omissions giving rise to Plaintiff's claims occurred in this District or were disseminated from and into this District.

14.     California has a compelling governmental interest in the conduct alleged herein and there is a sufficient aggregation of contacts between Defendant, Plaintiff, the Plaintiff Class and the conduct alleged such that California law applies.

**DEFINITIONS**

15.     References made herein to any business entity include any predecessors, successors, parents, subsidiaries, affiliates, and divisions of that entity.

16.     As used herein, "person(s)" has the same meaning as set forth in Cal. Business and Professions Code §17201, Cal. Civil Code §1761, and Cal. Health & Safety Code §109995.

17.     As used herein, "consumer(s)" has the same meaning as set forth in Cal. Civil Code §1761.

18.     As used herein, "advertisement" has the same meanings as set forth in the Food, Drug and Cosmetic Act (the "FDCA"), and Cal. Health & Safety Code §109885.

19.     As used herein, "label" and "labeling" have the same meanings as set forth in the FDCA, 21 U.S.C. §301, et seq. and federal regulations, namely 21 C.F.R. §101 and Cal. Health & Safety Code §§109955 and 109960, respectively.

20.     As used herein, "misbranding" has the same meanings as set forth in 21 U.S.C. §343 and Cal. Health & Safety Code §§111330-111510, and generally means labeling that "is false or misleading in any particular."

21.     As used herein "sugar" has the same meanings as set forth in 21 C.F.R. §101 and its subparts and cane sirup (alternatively spelled syrup) has the same meanings as set forth in 21 C.F.R. §168.130.

22.     As used herein the term "Kashi Misbranded Products" includes, but is not limited to the following products made, marketed or sold by Defendant Kashi: (a) Cinnamon Harvest Cereal; (b) Simply Maize Cereal; (c) Whole Wheat Biscuits Berry Fruitful; (d) Blackberry Hills Cereal; (e) Kashi Steam Meals Italian Vegetable Medley Pasta; (f) Black Bean Mango Frozen Entrée; (g) Kashi Steam Meals Sesame Chicken; (h) Kashi Steam Meals Chicken Fettuccine; (i) Chicken Enchilada Frozen Entrée; (j) Spicy Black Bean Enchilada Frozen Entrée; (k) Mayan Harvest Bake Frozen Entrée; (l) Chicken Pasta Pomodoro Frozen Entrée; (m) Chicken Florentine Frozen Entrée; (n) Lemongrass Coconut Chicken Frozen Entrée; (o) Sweet & Sour Chicken Frozen Entrée; (p) GoLean Instant Hot Cereal Truly Vanilla; (q) GoLean Instant Hot Cereal Honey & Cinnamon; (r) GoLean Instant Hot Cereal; (s) GoLean Crisp Cinnamon Crumble; (t) Kashi Squares Berry Blossoms; (u) GoLean Cereal Crisp! Toasted Berry Crumble; (v) Heart to Heart Cereal Warm Cinnamon Oat; (w) Strawberry Fields Cereal; (x) Whole Wheat Biscuits Island Vanilla; (y) Black Currant Walnut Cereal; (z) Blackberry Hills Cereal; (aa) Honey Sunshine Cereal; (bb) GoLean Crunch!; (cc) GoLean Crunch! Honey Almond Flax; (dd) GoLean Cereal Original; (ee) Good Friends Cereal Original; (ff) Whole Wheat Biscuits Almond Wheat; (gg) Whole Wheat Biscuits Cinnamon Harvest; (hh) Heart to Heart Cereal Honey Toasted Oat; (ii) Heart to Heart Oat Flakes and Blueberry Clusters; (jj) 7 Whole Grains Cereal Honey Puffs; (kk) 7 Whole Grains Cereal Puffs; (ll) 7 Whole Grain Cereal Flakes; (mm) Garlic Pesto Pita Crisps; (nn) Original 7 Grain with Sea Salt Pita Crisps; (oo) Toasted Asiago Snack Crackers; (pp)

Fire Roasted Veggie Snack Crackers; (qq) Original 7 Grain Snack Crackers; (rr) Honey Sesame Snack Crackers; (ss) Chocolate Almond Butter Cookies; (tt) Oatmeal Dark Chocolate Cookies; (uu) Oatmeal Raisin Flax Cookies; (vv) Blueberry Waffles; (ww) 7 Grain Waffles; (xx) Apple Cobbler Soft n' Chewy Bars; (yy) Berry Muffin Soft n' Chewy Bars; (zz) Almond Soft-Baked Squares; (aaa) Chocolate Soft-Baked Squares; (bbb) Banana Chocolate Chip Soft n' Chewy Bars; (ccc) Peanutty Dark Chocolate Layered Granola Bars; (ddd) Cherry Vanilla Soft-Baked Cereal Bar; (eee) Peanut Butter & Chocolate GoLean Dipped Bars; (fff) Chocolate Malted Crisp GoLean Dipped Bars; (ggg) Dark Mocha Almond Chewy Granola Bars; (hhh) Dark Chocolate Coconut Layered Granola Bars; (iii) Ripe Strawberry Cereal Bars; (jjj) Blackberry Graham Cereal Bars; (kkk) Cinnamon Coffee Cake GoLean Crisp! Bars; (lll) Chocolate Pretzel CoLean Crisp! Bars; (mmm) Trail Mix Chewy Granola Bars; (nnn) Honey Almond Flax Chewy Granola Bars; (ooo) Peanut Butter Chewy Granola Bars; (ppp) Cherry Dark Chocolate Chewy Granola Bars; (qqq) HoneyToasted 7 Grain Crunchy Granola Bars; (rrr) Roasted Almond Crunch Crunchy Granola Bars; (sss) Pumpkin Spice Flax Crunchy Granola Bars; (ttt) Chocolate Caramel GoLean Crisp! Bars; (uuu) Chocolate Almond GoLean Crisp! Bars; (vvv) Chocolate Peanut GoLean Crisp! Bars; (www) Chocolate Turtle GoLean Roll! Bars; and (xxx) Caramel Peanut GoLean Roll! Bars.

**THE PARTIES**

23.     Representative Plaintiff Nadine Saubers is a citizen of the State of California, residing in the Southern District of California who, during the Class Period, purchased Kashi Misbranded Products for her personal use and not for resale.  Like all members of the Class, Ms. Saubers was not aware, based on the list of ingredients on the Kashi Misbranded Products, that the Kashi products she purchased contained ordinary sugar.

24.     Defendant Kashi is a California corporation that was founded in 1984.  Kashi is incorporated in California and maintains its headquarters at 4275 Executive Square, La Jolla, California 92073.  In 2009, Kashi posted revenue of more than $600 million.  The acts and omissions which are the subject matter of this class action, occurred, in substantial part, in the State of California and in the Southern District of California where Kashi engaged in the business

of designing, marketing, selling, advertising, distributing, promoting or otherwise placing into the stream of commerce the Kashi Misbranded Products.

**CLASS ACTION ALLEGATIONS**

25.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all members of the following class (the "Class"):

All persons residing in the United States who purchased the Kashi Misbranded Products between October 1, 2009 to the present for their own, family or household use and not for resale.

**or**

All persons residing in California who purchased the Kashi Misbranded Products between October 1, 2009 to the present for their own, family or household use and not for resale.

Specifically excluded are Kashi, its officers, directors and employees, and any entity in which Kashi has controlling interest and any entity which has a controlling interest in Kashi; and the agents, affiliates, legal representative, heirs, attorneys at law, attorneys in fact or assignees of such persons or entities.

Any federal, state or local government entity is also excluded. Further specifically excluded are any judge, judicial officer, court personnel or juror assigned to any part of this case.

26.     **Numerosity**: Due to the nature of the products and commerce involved, Plaintiff believes that the Class is so numerous that joinder of all of its members is impractical.  Based on publicly available sales data, it is estimated that the Class numbers in the many  thousands or more.

27.     **Typicality**:  Plaintiff's claims are typical of the claims of the members of the Plaintiff Class because Plaintiff purchased Kashi for her own use and not for resale, and therefore

---

7

Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the members of the Class and the relief sought is common to the Class.

28. **Common Questions Predominate**:  Common questions of law and fact exist as to all Class members and predominate over any individual questions.  Nearly all factual, legal, and statutory relief issues raised herein are common to each of the members of the Class and will apply uniformly to every such member.  Questions of law and fact common to Class members include but are not limited to the following:

    a.  Whether Defendant engaged in unlawful, unfair or deceptive business practices by failing to properly label its food products sold to consumers;

    b.  Whether Defendant engaged in unlawful, unfair or deceptive business practices by making improper and misleading claims in its advertising, marketing and other promotional materials in violation of the various state's consumer fraud laws;

    c.  Whether Defendant used misleading information on the labels of its Kashi Misbranded Products sold to consumers;

    d.  Whether Defendant's conduct violated the California Health & Safety Code;

    e.  Whether Defendant's conduct violated the CLRA;

    f.  Whether Defendant's business acts or practices violated the UCL;

    g.  Whether Defendant's conduct violated the FAL;

    h.  Whether Defendant engaged in negligent misrepresentation in violation of Civil Code §§1709-1711;

    i.  The class-wide nature of Defendant's course of conduct;

    j.  The amount of additional revenues and profits obtained by Defendant attributable to its unlawful conduct;

    k.  The appropriate nature of class-wide equitable relief including corrective and remedial action;

l.  Whether the members of the Plaintiff Class are entitled to restitution as a result of Defendant's conduct and, if so, what is the proper measure and appropriate formula to be applied in determining such restitution;

m.  Whether the members of the Plaintiff Class have sustained damages as a result of Defendant's conduct and, if so, what is the proper measure and appropriate formula to be applied in determining such damages; and

n.  Whether the members of the Plaintiff Class are entitled to punitive and exemplary damages as a result of Defendant's acts of fraud, malice and oppression or in conscious disregard of the rights of Plaintiff and the Plaintiff Class, and, if so, what is the proper amount of such punitive and exemplary damages.

29.  **Adequacy**: Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff purchased Kashi Misbranded Products during the Class Period, and is an adequate representative of the Class as she has no interests which are adverse to the interests of absent Class Members.  Plaintiff has retained counsel who have substantial experience and success in the prosecution of complex consumer protection class actions of this nature.

30.  **Superiority**: A class action is superior to any other available method for the fair and efficient adjudication of this controversy since individual joinder of all members of the Plaintiff Class is impractical.  Furthermore, as the damages or injuries suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them.  The cost to the court system of adjudications of individualized litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

31.  Defendant has acted or refused to act on grounds generally applicable to all Class members, thereby making appropriate any final judgment with respect to the Class as a whole.

COMPLAINT

**FACTUAL ALLEGATIONS**

***Evaporated Cane Juice is Not Juice, But Sugar***

32.     Sugar cane products exist in many forms, ranging from raw sugars and syrups to refined sugar and molasses.  These products are differentiated by their moisture, molasses and sucrose content, as well as by crystal size and any special treatments (*e.g.*, treatment with sulfur).  "For purposes of ingredient labeling, the term sugar refers to sucrose, which is obtained from sugar cane or sugar beets..." (21 C.F.R. §101.4(b) (20)).  Thus, sugar cane products with common or usual names are defined as sugar and cane sirup (alternatively spelled syrup) (21 C.F.R. §168.130).  Other sugar cane products have common or usual names established by common usage (*e.g.*, molasses, raw sugar, brown sugar, turbinado sugar, muscovado sugar and demarar sugar).

33.     Under 21 C.F.R. §101.9, sugars are defined as "the sum of all free mono- and disaccharides (such as glucose, fructose, lactose, and sucrose)."

34.     In recent years, certain food products have begun listing "evaporated cane juice" as an ingredient.

35.     In reality, from a nutritional point of view, "evaporated cane juice" is not significantly different from processed white sugar.  "Evaporated cane juice" is a processed sweetener that comes from sugar cane juice that has been evaporated.  In many people's minds, it is nutritionally superior to refined white sugar because white sugar goes through one additional step of processing which strips it of all traces of molasses and color.  The miniscule difference between the two is that "evaporated cane juice" has a trace more vitamin A, C and calcium than white sugar.  However, the evaporated cane juice one finds on food labels has been refined almost as much as white sugar.

36.     United States Sugar Corporation ("U.S. Sugar Corp."), one of the nation's largest producers of cane sugar, states that "evaporated cane juice" is just another name for sugar.  Judy Sanchez, a spokesperson for the U.S. Sugar Corp., says "[a]ll sugar is evaporated cane juice. . . .

They just use that for a natural sounding name for a product."[3]   Sanchez explained that the only difference between "evaporated cane juice" and common white sugar is that the white sugar is stripped of all traces of molasses, while evaporated cane juice still has some little flecks of molasses that give it a darker caramel color.

37.   According to the chief executive officer of ASSURKKAR Sugar Company in Costa Rica, which provides raw sugar to U.S. Companies, the term "evaporated cane juice" is wrongly used in the food industry: "Nowadays the food companies are trying to sell more 'natural' products, so they use the most impressive or high impact wording to call the customer's attention."[4]

38.   Defendant knows that "evaporated cane juice" is simply sugar but uses the term to imply to consumers that the product is healthier or more natural than processed white sugar.

### *Federal and State Laws and Regulations Govern the Labeling of Food Products*

39.   Food manufacturers are required to comply with state and federal laws and regulations that govern the labeling of food products.  The FDCA, §301, et seq. and federal regulations, namely 21 C.F.R. §101, govern the content and labels of packaged foods.  Food labeling is required for most prepared foods such as breads, cereals, canned and frozen foods, snacks, desserts and drinks, among other things.

40.   Federal law requires that food manufacturers include on food labels each of the ingredients used in the food.  21 C.F.R. §§101 and 130.

41.   The FDA is responsible for assuring that foods sold in the United States are safe, wholesome and properly labeled.  The FDCA and the Fair Packaging and Labeling Act are the federal laws governing food products under FDA's jurisdiction.

42.   In recent years, the FDA has addressed food labeling regulations.  In October 2009, the FDA issued a Draft Guidance ("2009 FDA Guidance") to the food industry that provided, in relevant part:

---

[3] *See* David Schultz, *Evaporated Cane Juice: Sugar in Disguise?*, NPR (Oct. 18, 2012), *available at* http://www.npr.org/blogs/thesalt/2012/10/18/163098211/evaporated-cane-juice-sugar-in-disguise.
[4] *See* Dee McCaffrey, *The Truth About Evaporated Cane Juice*, PROCESSED FREE AMERICA (Nov. 1, 2010), *available at* http://www.processedfreeamerica.org/resources/health-news/405-the-truth-about-evaporated-cane-juice.

[T]he term "evaporated cane juice" is not the common or usual name of any type of sweetener, including dried cane syrup.

\*\*\*

Over the past few years the term "evaporated cane juice" has started to appear as an ingredient on food labels, most commonly to declare the presence of sweeteners derived from sugar cane syrup. However, the FDA's current policy is that sweeteners derived from sugar cane syrup should not be declared as "evaporated cane juice" because the term falsely suggests that sweeteners are juice.

\*\*\*

Sweeteners derived from sugar cane syrup should not be listed in the ingredient declaration by names which suggest that the ingredients are juice, such as "evaporated cane juice." The FDA considers such representations to be false and misleading under section 403(a) (1) of the Act (21 U.S.C. §343(a) (1)) because they fail to reveal the basic nature of the food and its characterizing properties (i.e., that the ingredients are sugars or syrups) as required by 21 CFR §102.5.[5]

43.     Defendant has made, and continues to make, false and deceptive claims on its Kashi Misbranded Products in violation of federal and California laws. Specifically, Kashi has violated federal and California labeling regulations by listing sugar cane derived sweeteners as "evaporated cane juice." The FDA has made clear that the term "evaporated cane juice" is not the common or usual name of any type of sweetener, including dried cane syrup. The FDA considers the ingredient "evaporated cane juice" to be "false and misleading" under section 403(a)(1) of the FDCA because the ingredient falsely indicates that it is a juice and fails to reveal the basic nature of the food and its characterizing properties as required by 21 C.F.R. §102.5.

---

[5]   FDA, *Guidance for Industry: Ingredients Declared as Evaporated Cane Juice; Draft Guidance* (Oct. 2009), available at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm181491.htm (last accessed April 15, 2013).

COMPLAINT

44.     Defendant's violations and misrepresentations have resulted in violations of law and express FDA guidance.

### *Kashi's Representations*

45.     Kashi promotes natural products and realizes that consumers are increasingly aware of natural products that are minimally processed.  Kashi historically advertises that its products are natural and healthy, but such claims violate state and federal law.

46.     Kashi represents and advertises on its Kashi Misbranded Products' labels that the products contain evaporated cane juice despite the fact that the FDA has specifically warned companies not to use the term because (a) evaporated cane juice is not juice; (b) it violates state and federal labeling regulations designed to ensure that manufacturers label their products with the common or usual name for any ingredient they use; and (c) the term is false and misleading.

47.     As detailed above, Kashi currently markets approximately 75 different products which list "evaporated cane juice" or "evaporated cane juice crystals" as an ingredient, all of which are misleading and misbranded for reasons stated herein.

48.     Kashi promotes natural products and realizes that consumers are increasingly aware of natural products that are minimally processed.

49.     Kashi is aware that its consumers are health conscious consumers.

50.     Kashi understands the importance and value of descriptors and labels to consumers when considering whether to buy food products.

51.     Kashi capitalizes on consumers' heightened demand for natural and healthful products by deceptively marketing its Kashi Misbranded Products and claiming that such products are sweetened with "juice," disguising that the products include sugar.

52.     Kashi's representations were uniform and have been communicated to Plaintiff and to each member of the Class at every point of purchase and consumption.

### *Kashi's Evaporated Cane Juice Claims Violate Federal and California Law Because the Term is Not a Common or Usual Name for Any Type of Sweetener*

53.     Federal and California law prohibits manufacturers from referring to foods by anything other than their common and usual names.  Kashi has used the misleading term

"evaporated cane juice" on its food products in violation of numerous labeling regulations designed to protect consumers from misleading labeling practices.

54.     Under 21 U.S.C. §343(i), a food is misbranded unless the label bears "the common or usual name of the food, if there be any."   21 C.F.R. §§101.3(b) and 102.5 prohibit manufacturers from referring to foods by anything other than their common and usual names.  21 C.F.R. §101.4(a) (1) also requires food labels to include ingredients listed by their common and usual names: "Ingredients required to be declared on the label or labeling of a food … shall be listed by common or usual name…."

55.     The "common or usual name of a food, which may be a coined term, shall accurately identify or describe, in as simple or direct terms as possible, the basic nature of the food or its characterizing properties or ingredients."  21 C.F.R. §102.5.  Further, the ingredient term may not be "confusingly similar to the name of any other food that is not reasonably encompassed within the same name."  21 C.F.R. §102.5(a).

56.     Sugar cane products with common or usual names defined by regulation are sugar (21 C.F.R. §101.4(b) (20)) and cane sirup or cane syrup (21 C.F.R. §168.130).

57.     According to the FDA, the term "evaporated cane juice" is not the common or usual name of any type of sweetener, including dried cane syrup.  Because cane syrup has a standard of identity defined by 21 C.F.R. §168.130, the common or usual name for the solid or dried form of cane syrup is dried cane syrup.

58.     As detailed above, the 2009 FDA Guidance specifically clarified that the term "evaporated cane juice" did not represent "the common or usual name of any type of sweetener, including dried cane syrup."  Specifically,  in 2009 FDA Guidance provided in relevant part:

> The intent of this draft guidance is to advise the regulated industry of FDA's view
> that the term "evaporated cane juice" is not the common or usual name of any type
> of sweetener, including dried cane syrup.  Because cane has a standard of identity
> defined by regulation in 21 CFR §168.130, the common or usual name for the solid
> or dried form of cane syrup is "dried cane syrup."

COMPLAINT

59.     California has adopted similar statutes which hold that food is misbranded if the label or packaging does not "use terms as to render it likely to be read and understood by the ordinary individual under customary conditions."   Cal. Health & Safety Code §110705. Defendant's use of "evaporated cane juice" on its labels violates California labeling laws because the ingredient is not the common and usual name and thus renders the products misbranded.

60.     Despite clear FDA guidance, Kashi continues to use the term "evaporated cane juice" on the labels of its Kashi Misbranded Products even though the term is not the common or usual name of any type of sweetener.

61.     The FDA has made it clear that the use of the term "evaporated cane juice" is unlawful because the term does not represent the common or usual name of any ingredient.  Foods that bear labels containing the term "evaporated cane juice" are misbranded.

62.     Kashi's misrepresentations mislead consumers into buying products that were ultimately worth less to the consumer than the product he or she was promised or expected.

63.     The Kashi Misbranded Products mislead consumers into paying a premium price for inferior or undesirable ingredients or for ingredients that are misleadingly listed on the label.

64.     Defendant has also made the same misleading claims on its websites and in advertising in violation of federal and California law.

### Kashi's Misbranded Products are Misleading

65.     Because the FDA has specifically identified "evaporated cane juice" as false and misleading," Kashi's use of the ingredient on labels also violates federal and California law because the products identified as such are misbranded.

66.     Under the FDCA, food is "misbranded" if "the package or label of which shall bear any statement or design regarding such article or the ingredients or substances contained therein, which shall be false or misleading in any particular." 21 U.S.C. §343(a).  Because the 2009 FDA Guidance has specifically identified the use of "evaporated cane juice" to be misleading under this very statute, Defendant's products identified herein are misbranded and Defendant's labeling practices are in violation of the statute.

67.     California has also adopted a substantially similar labeling requirement, codified in Cal. Health and Safety Code §§110370 &110660.   Under section 110370, the label on each package of food must bear the common or usual name of each ingredient.   Under section 110660, a food is misbranded if "its labeling is false or misleading in any particular."  *See also* Cal Health and Safety Code §110370.  Because the 2009 FDA Guidance has specifically identified the use of "evaporated cane juice" to be misleading under 21 U.S.C. §343(a), a nearly identical statute, Defendant's products identified herein are misbranded and in violation of California law.

68.     Kashi's "evaporated cane juice" representations on the labels of its Kashi Misbranded Products are thus misleading and, as a result, the products are misbranded.

69.     Defendant's improper labeling, advertising and marketing described herein are false and misleading and used for the purpose of increasing sales of the products at issue.

70.     Kashi's misrepresentations lead consumers to purchase products that they otherwise would not have purchased. Kashi's misrepresentations also led consumers into paying a premium price for undesirable ingredients or for ingredients that are misleadingly listed on the label or into buying products that were ultimately worth less to the consumer than the product he or she was promised or expected.

71.     Defendant has also made the same misleading claims on its websites and in advertising in violation of federal and California law.

***Kashi Consumer Complaints Confirm that the Kashi Misbranded Products' Labels are Misleading***

72.     Kashi maintains a website that allows consumers throughout the United States, including California, to view marketing, advertising, promotional information and nutritional information pertaining to Kashi products.

73.     Recent consumer complaints and comments found on Kashi's website, www.kashi.com, demonstrate that Kashi's food labels identifying "evaporated cane juice" as an ingredient are misleading.  Indeed, certain consumers' comments demonstrate that they are, in fact, misled about the sugar contained in certain of Kashi's Misbranded Products.

**Tonyapf writes**:  Excellent taste without adding sugar, berries were good, but should have been more plentiful [commenting on Kashi's Heart to Heart Cereal Oat Flakes & Blueberry Clusters, which includes "evaporated cane juice"].

**Spea327 writes**:  …There is no sugar in the bars…. [commenting on Kashi Soft-Baked Squares Chocolate, which includes "evaporated cane juice medium invert syrup"]

**LadymillionM writes**:  Gosh!! I can feel the flavor of all of my fav grains…whole grains… NO ADDED SUGAR (not artificially tastes sweet!!) tastes so PURE & NATURAL!!  My dream-come-true cereals. :D. [commenting on Kashi 7 Whole Grain Cereals Flakes, which includes "organic evaporated cane juice"].

**patnb writes**: Sorry, but I'm very disappointed with this product because it's just too sweet. Gave it to a friend who agreed with me. Also, just because there's a lot of fibre doesn't make it all that healthy. I'm so tired of labels that say "100% fibre" but don't consider the sugar content. **<u>Also, honey really doesn't make it any better than sugar</u>**. Also, "organic" really has no meaning unless it's true… [commenting on Kashi Squares Honey Sunshine, including "organic evaporated cane juice," which Kashi advertises on its website as being sweetened with honey, without mentioning that the cereal is also sweetened with evaporated cane juice (emphasis added)]

74.     The comments demonstrate the concerns of the type common between Plaintiff and other Class members.  Because the above-comments are on Kashi's own website, and the 2009 FDA Guidance is publicly available information, Defendant is aware that its use of "evaporated cane juice" is misleading and confusing to consumers.  Thus, Defendant's misrepresentations were deliberate.

75.     Notwithstanding Defendant's knowledge of its deceptive practices, Defendant fails and continues to fail to properly identify on its Kashi Misbranded Products' labels the ingredient that is "evaporated cane juice."  Instead, Kashi has engaged in a calculated pattern and practice to hide the true nature of the ingredient.

76.     Defendant's failure to adhere to the FDA standards of identity for its products and use common and usual names to refer to its product ingredients, including the use of "evaporated cane juice" as an ingredient, led consumers to purchase the Kashi Misbranded Products identified herein.

77.     Defendant's improper labeling, advertising and marketing described herein are false and misleading and used for the purpose of increasing sales of the products at issue.

78.     A reasonable person would attach importance to Defendant's misrepresentations in determining whether to purchase the products detailed herein.

**FIRST CLAIM FOR RELIEF**
**Violations of the Sherman Food, Drug, and Cosmetic Act**
**California Health & Safety Code §109875 *et seq.***

79.     Plaintiff hereby incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

80.     Plaintiff and the Class members are consumers who purchased Kashi Misbranded Products.

81.     California Health & Safety Code §110660 states that any food is misbranded if its labeling is false or misleading in any particular.

82.     California Health & Safety Code §110370 requires that the label on each package of a food bears the common or usual name of the ingredients used therein.

83.     Defendant has disseminated false and misleading advertisements and marketing materials concerning mislabeled and misbranded Kashi Misbranded Products in violation of California Health & Safety Code §110390.

84.     Defendant has offered and sold Kashi Misbranded Products by means of false advertisements in violation of California Health & Safety Code §110395.

85.   Defendant's marketing of the Kashi Misbranded Products as food containing "evaporated cane juice" as an ingredient constitutes misbranding under California Health & Safety Code §110660.  Accordingly, Defendant's failure to label these foods with their common or usual ingredient names is a *per se* violation of California law.

86.   Defendant's acts, as described herein, have violated other provisions of the California Health & Safety Code.

87.   Plaintiff, and the members of the Plaintiff Class, accordingly, are entitled to equitable relief including injunctive relief, remedial or corrective action, full restitution and/or disgorgement, as well as attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Violations of the Consumers Legal Remedies Act**
**California Civil Code § 1750 *et seq.***

88.   Plaintiff hereby incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

89.   The acts and practices as alleged herein constituted and constitute unlawful methods of competition, unfair, or deceptive acts undertaken in a transaction which resulted in the sale of goods to consumers including, but in no way limited to, representing that goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that Defendant has a sponsorship, approval, status, affiliation, or connection which it does not have.

90.   Plaintiff seeks an order enjoining the above-described wrongful acts and practices of Defendants and awarding restitution, recession or disgorgement of Defendant's revenues and profits from the sale of Kashi Misbranded Products.

91.   As a direct and proximate result of Defendant's violations of the CLRA as alleged herein, Plaintiff and members of the Class have been injured including, *inter alia,* by:

A.   the infringement of their legal rights as a result of being subjected to the common course of conduct alleged herein;

B.     Plaintiff and the members of the Class were induced to purchase Kashi Misbranded Products from Defendant, which they would not have done had they been fully informed of Defendant's acts, omissions, misrepresentations, practices and nondisclosures as alleged in this Complaint, in violation of, *inter alia*, the CLRA;

C.     Plaintiff and the members of the Class were induced to rely on Defendant's deceptive representations to their detriment as a result of Defendant's conduct as alleged in this Complaint, in violation of, *inter alia*, the CLRA;

D.     Plaintiff and members of the Class have unknowingly been subjected to significant risks without their knowledge or consent.

92.     Defendant's acts, statements, representations, policies and procedures as described herein were knowingly deceptive and were made with conscious disregard of their effects upon consumers.  Defendant is required by law to brand their products accurately for the benefit of potential consumers.  Defendant failed to do so in order to conceal their acts, omissions, misrepresentations, practices and nondisclosures as alleged in this Complaint, and to induce customers to purchase Kashi Misbranded Products from the Defendant.  Accordingly, Defendant engaged in acts of fraud, malice and oppression or in conscious disregard of the rights or safety of the Plaintiff and the members of the Plaintiff Class.

93.     In addition to restitution and other equitable relief as provided by the CLRA, as a direct and proximate result of the violations of the CLRA as alleged herein, Plaintiff and the Plaintiff Class have suffered damages in an amount to be proved at the time of trial.

94.     Further, the violations of the CLRA as alleged herein were committed by means of fraud, malice and oppression, including conscious disregard of legal rights, thereby entitling Plaintiff and the Plaintiff Class to punitive and exemplary damages in an amount to be proved at the time of trial.  Plaintiff will subsequently amend this Complaint to add claims for compensatory and punitive damages after making the demand specified in Cal. Civ. Code §1782.

COMPLAINT

### THIRD CLAIM FOR RELIEF
**For Violation of the Unfair Competition Law,
California Business and Professions Code §§17200 *et seq.***

95.     Plaintiff hereby incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint

96.     All marketing, advertising, publicity and promotional efforts as described herein undertaken by Defendant concerning the quality of goods in connection with the Kashi Misbranded Products, constitutes unfair competition, in violation of California Business and Professions Code §17200 *et seq.*, the Unfair Competition Law ("UCL").  Defendant has engaged and continues to engage in conduct that is unlawful, unfair or fraudulent through a pattern of misrepresentation and concealment of material facts that mislead and deceive the public with respect to the true nature of the Kashi Misbranded Products, by marketing, offering and selling them as including the ingredient "evaporated cane juice".

97.     The acts, omissions, misrepresentations, practices and nondisclosures of Defendant, as alleged herein, constituted and continue to constitute unfair, unlawful and/or fraudulent business practices within the meaning of Business and Professions Code §17200 *et seq.,* including, but in no way limited to, the following:

A.     the violation of the Business and Professions Code §17500 *et seq.*, ("FAL");

B.     the violation of Civil Code §1750 *et seq.*, the Consumer Legal Remedies Act ("CLRA"), set forth in this Complaint;

C.     violation of section 5 of the Federal Trade Commission Act (15 U.S.C. § 45(a));

D.     violation of Sherman Food, Drug, and Cosmetic Laws, Health and Safety Code §109875 *et seq.*, the related acts and regulations;

E.     violation of the federal FDA act, the related acts and regulations;

F.     Defendant's acts, omissions, misrepresentations, practices, and nondisclosures as set forth in this Complaint, whether or not in violation of

21

the laws set forth herein, are otherwise unfair, unconscionable, unlawful and fraudulent;

                   i.          Defendant's acts and practices are unfair to consumers in the State of California within the meaning of Business and Professions Code §17200 *et seq.,* and

                   ii.          Defendant's acts and practices are fraudulent within the meaning of the Business and Professions Code §17200 *et seq.*

98.    Plaintiff, and the members of the Plaintiff Class, accordingly are entitled to equitable relief including injunctive relief, remedial or corrective action, full restitution and/or disgorgement of Defendant's revenues and profits from the sale of Kashi Misbranded Products.

## FOURTH CLAIM FOR RELIEF
### Violation of False Advertising Law,
### California Business and Professions Code §§17500 *et seq.*

99.    Plaintiff hereby incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

100.    The advertising, marketing and other promotional efforts undertaken by Defendant constitute advertising devices disseminated by Defendant from and into California, which contained and continue to contain statements and omissions of material facts concerning the nature of Kashi Misbranded Products that are untrue and/or misleading in violation of California Business and Professions Code §§17500 *et seq.,* the False Advertising Law ("FAL").

101.    Plaintiff, and the members of the Plaintiff Class, accordingly are entitled to equitable relief including injunctive relief, remedial or corrective action, full restitution and/or disgorgement of Defendant's revenues and profits from the sale of Kashi Misbranded Products.

## FIFTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### California Civil Code §§1709, 1710 & 1711

102.    Plaintiff hereby incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

103.    Defendant has made express and implied representations to Plaintiff and the members of the Plaintiff Class and omitted to state material facts in connection with the sales, marketing and advertising of the Kashi Misbranded Products.

104.    Defendant made the aforesaid representations without reasonable grounds for believing them to be true, and omitted facts which were necessary, under the circumstances, to make their representations and related practices concerning Kashi Misbranded Products not misleading.

105.    Defendant's misrepresentations and omissions were uniform and part of a common course of conduct directed to Plaintiff and the members of the Plaintiff Class.

106.    Plaintiff and the Plaintiff Class were induced to purchase Kashi Misbranded Products based on Defendant's misrepresentations and omissions of material fact.

107.    Defendant intended and expected Plaintiff and the Plaintiff Class to rely on the false and untrue representations and omissions to induce Plaintiff and the Plaintiff Class to purchase Kashi Misbranded Products.  Had Plaintiff and the Plaintiff Class known the true facts, they would not have taken such action.

108.    As a direct and proximate result of Defendant's negligent misrepresentations and omissions, Plaintiff and the Plaintiff Class have suffered damages in an amount to be proved at the time of trial.   In the alternative, Plaintiff and the Plaintiff Class are entitled to all sums by which Defendant has been unjustly enriched.

**PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiff, on behalf of herself and all persons and consumers similarly situated and residing in California, pray for judgment against Defendant as follows:

1.    that an order certifying the Class defined herein be entered designating Plaintiff and their counsel as representatives of said Class;

2.    that Defendant be ordered to make restitution to the Plaintiff and each member of the Plaintiff Class under each cause of action in an amount according to proof at trial;

1    3.    for injunctive relief against Defendant under each cause of action;

2    4.    for compensatory damages in an amount according to proof under their Negligent

3          Misrepresentation Causes of Action;

4    5.    for punitive and exemplary damages in amounts according to proof at trial;

5    6.    for other equitable relief;

6    7.    for attorney's fees as provided by law;

7    8.    for prejudgment interest as provided by law;

8    9.    for costs of suit; and

9    10.   for such other and further relief as this Court deems to be just and equitable.

10

11

12   Dated:   April 15, 2013            By:   /s/ Daniel J. Mogin

13                                            Daniel J. Mogin (95624)
                                              Ari Y. Basser (272618)
14                                            **THE MOGIN LAW FIRM, P.C.**
                                              707 Broadway, Suite 1000
15                                            San Diego, CA 92101
                                              Telephone:   (619) 687-6611
16                                            Facsimile:   (619) 687-6610

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

**JURY TRIAL DEMAND**

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  April 15, 2013                    By:  /s/ Daniel J. Mogin

                                          Daniel J. Mogin (95624)
                                          Ari Y. Basser (272618)
                                          **THE MOGIN LAW FIRM, P.C.**
                                          707 Broadway, Suite 1000
                                          San Diego, CA 92101
                                          Telephone:   (619) 687-6611
                                          Facsimile:   (619) 687-6610

25

COMPLAINT