# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE SAUBERS, JEANNE BURNS, DENELDA NORWOOD, JENNIFER POPLIN, WENDY PEREL, and JAMES WALDRON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>KASHI COMPANY,<br><br>    Defendant. | CASE NO. 13CV899 JLS (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>(ECF No. 32) |

Presently before the Court is Defendant Kashi Company's ("Kashi") Motion to Dismiss Second Consolidated Amended Class Action Complaint. (Mot. to Dismiss, ECF No. 32). Also before the Court are Plaintiffs Nadine Saubers, Jeanne Burns, Denelda Norwood, Jennifer Poplin, Wendy Perel, and James Waldron's ("Plaintiffs") response in opposition, (Resp. in Opp'n, ECF No. 35), and Kashi's reply in support. (Reply in Supp., ECF No. 38.) The motion hearing that was scheduled for January 16, 2014 was vacated and the matter taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, the Court **GRANTS** Kashi's motion and **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to the doctrine of

primary jurisdiction.

## BACKGROUND

In this consumer class action, Plaintiffs allege that over 75 different food products manufactured by Kashi are "misbranded" because they list "evaporated cane juice," or variations of that term, as an ingredient on the products' packaging. (Am. Compl. ¶¶ 1, 3, ECF No. 28.) Plaintiffs maintain that such labeling is false and misleading because "evaporated cane juice" is merely ordinary sugar, a fact that Kashi deliberately conceals in order to appeal to health-conscious consumers seeking "natural, healthy, and nutritious foods, including [foods with] reduced sugars [as well as] sugars or sweeteners with reduced glycemic [indices] and glycemic loads." (*Id.* at ¶¶ 3, 6.)

Based on these allegations, Plaintiffs bring claims against Kashi pursuant to California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 109875 *et seq.*, Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. §§ 56:12-14 to 12-18, Consumer Fraud Act, N.J.S.A. §§ 56:8–1, and common law claims for unjust enrichment and restitution. (*Id.* at ¶ 1.) Plaintiffs' state law claims rely heavily on informal guidance issued by the U.S. Food and Drug Administration ("FDA") on October 7, 2009, indicating that "evaporated cane juice" is not the common or usual name of any sweetener and that the use of this phrase in food labeling is deceptive and misleading. (*Id.* at ¶¶ 3, 42–44, 58–62, 66–69, 79.) Plaintiffs' amended pleading also references warning letters issued by the FDA in recent years to various food manufacturers, ostensibly reiterating the FDA's view that the term "evaporated cane juice" is improper and that its use in food labeling to refer to sweeteners derived from sugar cane syrup constitutes "misbranding" in violation of existing FDA regulations. (*Id.* at ¶ 43.)

On March 5, 2014, the FDA published a notice in the Federal Register inviting a new round of comments regarding the October 7, 2009 draft guidance. *See* Draft Guidance for Industry on Ingredients Declared as Evaporated Cane Juice; Reopening of Comment Period; Request for Comments, Data, and Information, 79 Fed. Reg. 12507 (Mar. 5, 2014). In the notice, the FDA states that it has "not reached a final decision on the common or usual name for [sweeteners derived from sugar cane syrup] and [that it is] reopening the comment period to request further comments, data, and information about the basic nature and characterizing properties of the ingredient sometimes declared as 'evaporated cane juice,' how this ingredient is produced, and how it compares with other sweeteners." *Id.*

Kashi now moves to dismiss or stay Plaintiffs' claims pursuant to the doctrine of primary jurisdiction, among other grounds, arguing that Plaintiffs should not be allowed to proceed with their suit until the FDA has finalized its position regarding the common or usual name for the sweetener often referred to as "evaporated cane juice." (Mot. to Dismiss, ECF No. 32.) As the Court ultimately agrees that the doctrine of primary jurisdiction counsels dismissal of all of Plaintiffs' claims without prejudice at this time, the Court does not address the numerous other arguments raised by Kashi's motion.

## LEGAL STANDARD

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). "[T]he doctrine is a 'prudential' one, under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Id.* (citing *Syntek Semiconductor Co. v. Microchip Tech., Inc.*, 307 F.3d 775, 780 (9th Cir. 2002)). The doctrine principally applies where there is "(1) a need to

1  resolve an issue that (2) has been placed by Congress within the jurisdiction of an
2  administrative body having regulatory authority (3) pursuant to a statute that
3  subjects an industry or activity to a comprehensive regulatory authority that (4)
4  requires expertise or uniformity in administration." *Id.* (citing *Syntek*, 307 F.3d at
5  781). Primary jurisdiction may be invoked when an agency is addressing an issue
6  through formal rule-making procedures, as well as through adjudicative procedures.
7  *Swearingen v. Santa Cruz Natural, Inc.*, Case No. 13-04291 SI, 2014 WL 1339775
8  at *2 (N.D. Cal. Apr. 2, 2014) (citation omitted).

## DISCUSSION

In its motion, Kashi argues that Plaintiffs' claims should be dismissed under the primary jurisdiction doctrine because the FDA is the administrative agency charged with regulating the content of food labels and the FDA's October 7, 2009 draft guidance regarding the use of the term "evaporated cane juice" to describe sugar cane-based sweeteners is merely preliminary, non-binding, and subject to further review by the agency. (Mot. to Dismiss 22–24, ECF No. 32.) In its supplemental filings, Kashi calls specific attention to the FDA's March 5, 2014 notice in the Federal Register, emphasizing that the notice solicits a new round of comments regarding the draft guidance on "evaporated cane juice" and indicates that the agency intends to revise the guidance, if appropriate, and then issue it in final form. (*See* Notice of Suppl. Authority in Supp. of Def.'s Mot. to Dismiss, ECF No. 46; Notice of Suppl. Authority in Supp. of Def's Mot. to Dismiss, ECF No. 50.)

Plaintiffs deny, however, that the FDA's solicitation of additional comments regarding the October 7, 2009 draft guidance affects their claims. (*See* Pl.'s Resp. to Kashi's Notice of Suppl. Authority 3, ECF No. 47.) According to Plaintiffs, the FDA's position that the term "evaporated cane juice" should not be used to describe sugar cane-based sweeteners has long been settled, as evidenced by the agency's willingness to leave the draft guidance unchanged for over 4 years and to issue numerous warning letters consistent with that perspective. (*Id.*)

The Court agrees with Kashi that the primary jurisdiction doctrine counsels dismissal of Plaintiffs' claims at this time. To begin with, "[f]ood labeling is within the special competence of the FDA." *Swearingen*, 2014 WL 1339775 at *2 (citing *Morgan v. Wallaby Yogurt Co., Inc.*, 13-CV-00296-WHO, 2013 WL 5514563 at *4 (N.D. Cal. Oct. 4, 2013)). "Congress vested the FDA with comprehensive regulatory authority" over the "proper declaration of ingredients on food labels." *Id.* (citing *Reese v. Odwalla, Inc.*, 13-CV-00947-YGR, 2014 WL 1244940 at *4 (N.D. Cal. Mar. 25, 2014)).

Moreover, in this action, Plaintiffs' claims rely heavily, if not entirely, on the premise that the FDA has concluded that "evaporated cane juice" is not the common or usual name for any sweetener. Plaintiffs' claims each invoke the FDA's informal guidance to support their contention that the Kashi products identified in the amended pleading are misbranded and in violation of the FDA's food labeling requirements. (*See* Am. Compl. at ¶¶ 3, 42–44, 58–62, 66–69, 79.) Consequently, the FDA's articulation of its considered view on this matter will undoubtedly affect issues being litigated in this action. Because the FDA has been actively revisiting its draft guidance since at least March 5, 2014—indicating that the agency's expert opinion is still being developed—application of the primary jurisdiction doctrine is favored. *See Swearingen*, 2014 WL 1339775 at *3 ("[C]ourts find it particularly appropriate to defer to an agency when, as is true here, the agency is in the process of making a determination on a key issue in the litigation."); *Reese*, 2014 WL 1244940 at *5 ("In light of the fact that [the] FDA has revived its review of the ["evaporated cane juice"] issue, the Court finds that the FDA's position on the lawfulness of the use of that term is not only . . . 'not settled,' it is also under active consideration by the FDA. Any final pronouncement by the FDA in connection with that process almost certainly would have an effect on the issues in litigation here.").

Finally, a determination as to the propriety of using the term "evaporated cane juice" in food labeling involves highly technical considerations, such as how

1  evaporated cane juice is produced, the differences between evaporated cane juice
2  and other sweeteners, and the ingredient's characterizing properties.  *See* Reopening
3  of Comment Period, 79 Fed. Reg. at 12507.  "Resolution of these issues requires the
4  expertise of the FDA."  *Swearingen*, 2014 WL 1339775 at *3.  Allowing the FDA to
5  resolve this matter in the first instance would permit the Court to benefit from the
6  agency's technical expertise and would also provide for uniformity in administration
7  of the agency's food labeling requirements.  *Id.* at *4 ("[A]pplying the doctrine of
8  primary jurisdiction allows the Court to benefit from the FDA's expertise on food
9  labeling and will ensure uniformity in administration of the regulations.").

10  Plaintiffs argue that dismissal would be improper and prejudicial on primary
11  jurisdiction grounds because the FDA has not indicated the time frame within which
12  it intends to complete its revisions of the October 7, 2009 draft guidance.  (*See* Pl.'s
13  Notice of Suppl. Authority, ECF No. 51 (citing *Gustavson v. Mars, Inc.*, No. 13-cv-
14  04537, 2014 WL 2604774 at *10 (N.D. Cal. Jun. 10, 2014)).)  Plaintiffs' argument
15  lacks merit, however, because, unlike the FDA's vague statements regarding a
16  possible review of general nutrition labeling requirements that were discussed in
17  *Gustavson*, the FDA's March 5, 2014 notice in the Federal Register indicates that
18  the agency is specifically reconsidering whether "evaporated cane juice" is a
19  common or usual name for sweeteners derived from sugar cane syrup and that it has
20  "*not* reached a final decision" on the question—the very issue at stake in this
21  litigation.  The March 5, 2014 notice also provides that comments from interested
22  parties will be accepted until May 5, 2014 and that "[a]fter reviewing the comments
23  received, [the agency] intend[s] to revise the draft guidance, if appropriate, and issue
24  it in final form, in accordance with the FDA's good guidance practice regulations in
25  21 C.F.R. 10.115."  Reopening of Comment Period, 79 Fed. Reg. at 12508.  Thus, it
26  is clear from the agency's recent notice that there is "an active and ongoing
27  regulatory process" involving the specific issues raised in this litigation, such that
28  the court's reasoning in *Gustavson* is inapplicable here.  *Gustavson*, 2014 WL

2604774 at *10.

Plaintiffs also argue that the U.S. Supreme Court's recent decision in *POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2231 (2014) holds that courts need not defer to the FDA's expertise in suits over deceptive or misleading food labeling.  Plaintiffs reliance on this case is inapposite, however, because *POM Wonderful* makes no mention of the primary jurisdiction doctrine and stands principally for the proposition that Lanham Act unfair competition claims brought by a competitor are not *precluded* by the regulatory scheme of the federal Food, Drug, and Cosmetic Act.  134 S. Ct. at 2241.  Because dismissal on the basis of primary jurisdiction is without prejudice and does not necessarily preclude any claims brought by a plaintiff, *POM Wonderful*'s reasoning does not support Plaintiffs.

Accordingly, the Court finds that Plaintiffs' arguments are without merit and that the primary jurisdiction doctrine counsels dismissal without prejudice of all of Plaintiffs' claims at this time.  In reaching this conclusion, the Court concurs with the majority of district courts within the Ninth Circuit that have considered this question.  *See, e.g.*, *Gitson v. Clover Stornetta Farms*, No. C–13–01517 (EDL), 2014 WL 2638203, at *8 (N.D. Cal. Jun. 9, 2014); *Swearingen v. Late July Snacks LLC*, No. C–13–4324 EMC, 2014 WL 2215878, at *3 (N.D. Cal. May 29, 2014); *Swearingen v. Yucatan Foods, L.P.*, No. C 13–3544 RS, 2014 WL 2115790, at *2 (N.D. Cal. May 20, 2014); *Avila v. Redwood Hill Farm & Creamery, Inc.*, Case No. 5:13–CV–00335–EJD, 2014 WL 2090045, at *3 (N.D. Cal. May 19, 2014); *Swearingen v. Attune Foods, Inc.*, Case No. C 13–4541 SBA, 2014 Wl 2094016, at *3 (N.D. Cal. May 19, 2014); *Figy v. Lifeway Foods, Inc.*, Case No. 13–cv–04828–TEH, 2014 WL 1779251, at *3–4 (N.D. Cal. May 5, 2014); *Figy v. Amy's Kitchen, Inc.*, No. C 13–03816–SI, 2014 WL 1379915, at *3 (N.D. Cal. Apr. 9, 2014).  The Court **GRANTS** Kashi's motion to dismiss on this basis.

///

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Kashi's motion to dismiss. The dismissal is **WITHOUT PREJUDICE** to Plaintiffs filing an amended pleading after the FDA has released its final guidance regarding the common or usual name for the sweetener often referred to as "evaporated cane juice."

**IT IS SO ORDERED.**

DATED: August 11, 2014

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge